FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2010 AUG 13  P 2: 38

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Xiaomei Tang, | |
| Plaintiff, | |
| v. | Civil Action No. 1:10 cv 907 LO\|TCB |
| Zhongwei Lu a/k/a David Z. Lu<br>8500 Leesburg Pike, Suite 410<br>Vienna, VA 22182 | |
| Shuxiang Zhou<br>15040 Norfolk Lane<br>Davie, FL 33331 | |
| Daning Chang a/k/a Daning Zhang<br>12311 Ox Ridge Road<br>Fairfax, VA 22033 | |
| Intercontinental Alliance, Inc.<br>Serve: Zhongwei Lu, Registered Agent<br>8500 Leesburg Pike, Suite 410<br>Vienna, VA 22182 | |
| Confidente One, Inc.<br>Serve: Zhongwei Lu, President<br>8500 Leesburg Pike, Suite 410<br>Vienna, VA 22182 | |
| Defendants. | |

## COMPLAINT
### (And Request for Jury Trial)

Plaintiff Xiaimei Tang ("Tang"), by undersigned counsel, sues Defendants Zhongwei Lu a/k/a David Z. Lu ("Lu"), Shuxiang Zhou ("Zhou"), Daning Chang a/k/a Daning Zhang ("Chang"), Intercontinental Alliance, Inc. and Confidente One, Inc. for breach of contract. In support of this Complaint, Plaintiff States:

## INTRODUCTION

1. Plaintiff Tang is the victim of professional negligence and material misrepresentations by Defendants. As a result of Defendants' conduct, Plaintiff Tang was induced to pursue an application for green card status based on being an alien entrepreneur. Defendant David Lu made negligent and/or intentionally erroneous representations regarding the application requirements to induce Tang into investing $500,000 in an enterprise in which Defendant Lu was an interested participant and received at least $50,000 in kickback moneys. The investment was based on a guaranty that the funds would be returned within thirty days if the application was not successful. Following the inevitable failure of the application, Defendants failed to honor the guaranty and did not return the investment. In essence, the enterprise was a sham and part of a conspiracy among Defendants Lu, Zhou, and Chang to advance their personal interests by defrauding individuals anxious to immigrate to the United States. As a result of the Defendants' wrongful conduct, Tang was harmed in the amount of at least $500,000.00.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the statutory jurisdictional sum or value of $75,000.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a).

## THE PARTIES

4. The Plaintiff, Xiaomei Tang ("Tang"), is a citizen of the People's Republic of China and lives in Beijing, PRC.

5. Defendant, Zhongwei Lu a/k/a David Z. Lu ("Lu"), is a resident of Reston, Virginia, and maintains a law office in Vienna, Virginia.

6. Defendant Shuxiang Zhou ("Zhou") is a resident of Davie, Florida.

7. Defendant Daning Chang a/k/a Daning Zhang ("Chang") is a resident of Fairfax, Virginia.

8. Defendant Intercontinental Alliance, Inc. is a Virginia corporation with its principal address at 8500 Leesburg Pike, Suite 410, Vienna, Virginia, which is the same location as Defendant Lu's law office.

9. Defendant Confidente One, Inc. ("Confidente One") is a Florida corporation with its principal address at 15040 Norfolk Lane, Davie, Florida 33331.

## FACTUAL BACKGROUND

10. At all times relevant, Lu is an attorney licensed by the State of New York whose practice is located within the Commonwealth of Virginia. Pursuant to Lu's website, his practice is described as "concentrating on U.S. immigration laws and international business consultation, particularly business transactions between US and China".

11. Prior to January of 2006, Tang retained Lu to represent her in an effort to obtain a visa that would allow her to immigrate to the United States so that she could join her daughter who was attending school in Virginia.

12. Lu recommended that Tang pursue a visa by filing an Immigrant Petition by Alien Entrepreneur ("I-526 Petition"), which permits investors in commercial enterprises to immigrate to the United States.

13. On January 12, 2006, Lu recommended that Tang invest in an enterprise in which he held an interest, stating that it was the "best project" his company was involved with and that he was certain there would be a "nice pay back".

14. As proposed by Lu, Tang would invest $500,000 into an operating company, which would invest an additional $500,000 on her behalf within two years after the application was granted to satisfy the $1,000,000 at risk requirement.

15. The enterprise recommended by Lu involved two companies, which are Intercontinental Alliance, Inc. ("Intercontinental"), a Virginia corporation formed on September 19, 2005, and Confidente One, Inc., a Florida corporation formed on January 23, 2006.

16. Lu, Zhou, and Chang are the shareholders and officers of Intercontinental.

17. Upon information and belief, Intercontinental is part of a scheme and conspiracy designed by Lu, Zhou, and Chang to advance their personal interests by inducing individuals like Tang to invest in businesses affiliated with Intercontinental and/or the individual defendants, by promising them the opportunity to immigrate to the United States and the opportunity to invest in a successful business with little or no risk.

18. Upon information and belief, Defendants Lu, Zhou, and Chang intentionally target individuals who are attempting to immigrate to the United States because they know that when these individuals' immigration petitions fail it will be difficult for the individuals to recover their investments.

19. The Intercontinental website states that Intercontinental has partnered with the law firm of David Lu & Associates to assist individuals wishing to immigrate to

the United States. According to the website, the law firm handles all legal and immigration issues while Intercontinental is responsible for the business aspects.

20. The Intercontinental website describes an investment scheme identical to the one suggested to Tang. Investors are required to make an initial investment of "no less than 50% of total investment requirement in order for the candidate to be eligible to state the immigration application process."

21. The website promises investors that they may withdraw all of their investment and collect additional shares or profits from their investment.

22. The website further represents that Intercontinental and its subsidiaries have been successfully conducting its immigration based business for five years and "has created multiple proven success models."

23. Upon information and belief, the businesses referred to on the Intercontinental website are businesses in which one or more of the individual Defendants has or had a personal interest.

24. Upon information and belief, the initial investments were paid out to the individual Defendants or invested in companies owned or controlled by Defendants.

25. After convincing Tang to proceed with the investment, Lu prepared agreements to document the investment. On February 9, 2006, the documents were transmitted to Tang by Lu who advised that the form of the documents would be "consistent and should not have any problem with immigration office and embassy".

26. On April 15, 2006, Lu transmitted a revised version of the transaction documents to Tang and stated that the "amount for this investment is 500,000".

27. Lu advised Tang that in order to obtain a visa using the investment mechanism, she was required to invest $500,000.00 in a U.S. company.

28. In or about April, 2006, Intercontinental, as Party A, and Tang, as Party B, entered into a Joint Investment Agreement ("the Agreement") and agreed to jointly invest in and operate Confidente One, Inc. A copy of the Joint Investment Agreement is attached hereto at Exhibit A.

29. Pursuant to the Agreement:

- Intercontinental was seeking an investment partner to operate a corporation involved in "wholesale and retail of a particular brand of clothing in the state of Florida";

- Tang invested "in an enterprise in the U.S. in order to obtain permanent resident status for herself and her family";

- Intercontinental "shall invest the exclusive distribution right, market channels and cash forwarded to acquire the exclusive right and market channels, and management expertise equal to Four Millions [sic] U.S. Dollars ($4,000,000.00) and control 90% of the shares";

- Tang shall invest $500,000.00 cash and control 10% of the shares;

- Intercontinental "shall help [Tang] to fulfill the one million dollars of investment requirement for green card purpose";

- Tang waived all right to dividend return in exchange for the right to a return of investment after four years.

- Intercontinental guaranteed that Tang "can withdraw all investment within 30 days after knowing that she could not obtain a conditional green card to enter the country";

- Lu, Zhou and Zhang will use personal assets to pay back Tang the investment amount ($500,000.00) if the company does not have enough money to do so;

- Intercontinental retained management control of the company while Tang was granted only the option to "get involved in the management of the business";

- Intercontinental guaranteed that the company would be able to employ ten full time employees within two years of commencing operations; and

- Lu, Zhou and Zhang "shall use personal assets to pay back [Tang] the total investment in case the company is unable to do so after four years".

30. On May 4, 2006, Tang wired $500,000.00 from her bank account in Hong Kong to Confidente One's bank account.

31. Within hours of Tang's wire transfer in the amount of $500,000.00 to Confidente One's operating account, Confidente One wire transferred $50,000.00 to Lu out of Tang's investment. The wire transfer record reads: "To Be Sent When 1/2 Million Is Deposited".

32. At no time did Lu disclose to Tang that he would receive a ten percent kickback ($50,000.00) from Tang's investment in Confidente One. Instead, Lu abused the faith and trust placed in him by Tang for his own personal gain.

33. Upon information and belief, Lu, Zhou, Zhang and Intercontinental did not make the investments in Confidente One that they were obligated to make under the Agreement.

34. At all times, Tang, who does not speak English, relied on Lu to act as her counsel, advise her regarding the immigration application process and explain the terms of the investment.

35. As counsel for Tang, Lu prepared and filed an I-526 Petition, dated August 8, 2006. Lu also prepared a Notice of Entry of appearance as Attorney or Representative for Tang, dated August 8, 2006, in connection with the I-526 Petition. However, the I-797C Notice of Action by Immigration and Naturalization Service indicates that the Petition was not received until October 27, 2006.

36. The I-526 Petition states that Confidente One was established on January 23, 2006, and that it was engaged in the "Garment whole sale & retail" business.

37. The I-526 Petition further states that Tang invested $500,000.00 in Confidente One and that Tang owned 20% of the company.

38. According to the Business Plan Lu submitted as part of Tang's I-526 Petition, Confidente One was the sole partner of Solety, a producer of women's apparel. Confidente One dedicated a substantial amount of capital to the Solety/Confidente One retail program.

39. Zhou is the founder and owner of Solety.

40. Upon information and belief, Tang's investment, the only capital investment made in Confidente One, was used to advance Zhou's interests in Solety by providing Solety with additional capital.

41. The I-526 Petition states that Tang's initial investment created two new employment positions at Confidente One, and that her future investment would create 13 additional new jobs.

42. Lu's advice regarding the I-526 Petition was negligent and misleading. For example, the minimum investment threshold for the geographic location of Confidente One was $1,000,000 and not $500,000, and the scheme to have Confidente One invest additional funds on her behalf did not satisfy the "at risk" requirement for capital invested. As a result, the I-526 Petition was destined for failure.

43. On January 31, 2007, U.S. Citizenship and Immigration Services issued a Request for Additional Evidence in care of Lu, as Tang's attorney, stating that it was unable to process her application because the application did not indicate that she invested or was actively investing the required capital amount of $1,000,000, or that her involvement would create not fewer than 10 full time employment positions with the Company. The Request further states that "Failure to reply within 12 weeks may result in the denial of your petition."

44. Following the January 31, 2007 Request for Additional Evidence, Lu did not provide sufficient information to clarify the grounds for Tang's petition or to provide additional support.

45.     On August 14, 2007, without any follow-up by Lu, the U.S. Citizenship and Immigration Services denied Tang's I-526 Petition. A copy of the Notice was sent by facsimile to Tang on August 23, 2007.

46.     The Notice states that Tang's Petition was denied because the capital investment required was $1,000,000. Although her Petition stated that she had invested $500,000.00 in the Company, and planned to invest an additional $500,000.00 over a two year period, her planned investment did not meet the requirements of Title 8, CFR §204.6(j)(2) because those funds did not constitute capital at risk.

47.     The Notice also states that Tang's I-526 Petition and the information provided to support her petition contained insufficient detail regarding the need for employment; therefore, Tang failed to meet her burden of showing that employment opportunities would be created by her investment.

48.     Upon learning that her I-526 Petition had been denied, Tang demanded that her investment be returned pursuant to the Agreement.

49.     On or about September 4, 2007, Lu responded by letter stating that he was responsible for the failure of the I-526 Petition. Lu further stated that, pursuant to the Agreement, Tang's investment in Confidente One, Inc. would be refunded by the end of the year.

50.     Notwithstanding Lu's obligations as Tang's counsel and the obligations under the Agreement, Lu stated that Tang's investment was tied up in inventory and would not be refunded until the end of 2007.

51.     The Agreement required that Tang's investment in the amount of $500,000 was to be returned on or before September 13, 2007.

52. After receiving no further communication from Lu, Tang contacted him by telephone in early December of 2007 to obtain an update regarding the return of her investment. During the conversation, Lu assured Tang that returning the $500,000 investment by the end of the year would not be a problem, even if he was required to borrow the money.

53. In late December of 2007, Lu telephoned Tang again to confirm that arrangements were made to wire transfer the $500,000 investment to her. Rather than confirm the return of the investment, Lu advanced several excuses and justifications for the delay in returning the investment amount, then abruptly hung up and terminated the conversation with Tang.

54. On or about January 11, 2008, Tang sent another written demand to Lu for return of the investment amount.

55. On August 26, 2008, Lu sent an email to Tang in which he acknowledged again that Tang was entitled to a refund of her investment and that the investment had not been repaid. Lu requested that Tang wait three months for payment at which point Lu would borrow the money necessary to repay her if he could not sell the inventory within that time.

56. On December 20, 2008, Lu sent an email to Tang stating that the inventory had not been sold. Tang stated that he would begin repaying Lu and intended to make minimum payments of $10,000.00 a month beginning in February, 2009, and that Tang would be completely repaid within two years. To that end, Lu requested bank account information.

57. As of the date of this filing, more than four years has passed since Confidente One was formed and Tang wired her $500,000 investment in the company. During that time, Defendants have failed to repay Tang's investment.

58. On or about September 14, 2007, the State of Florida administratively dissolved Confidente One for failure to file an annual report. Upon information and belief, Confidente One is not currently operational.

59. Despite Tang's demands that her investment be returned, Defendants have failed to refund her money.

60. Defendants Lu, Zhou, and Chang conspired to defraud Tang, and individuals like her, of their investments in companies that Defendants represented would allow Tang and the others to immigrate to the United States.

61. In furtherance of their scheme, Lu approached Tang with the Confidente One investment opportunity and fraudulently induced her to invest in Confidente One as a condition precedent to securing a visa to immigrate to the United States.

62. Lu knowingly and intentionally misrepresented that Tang's investment would allow her to immigrate to the United States, that the investment opportunity was sound and likely to make a profit, that Tang's investment in Confidente One would be combined with a substantial investment by Intercontinental, and that Lu, Zhou, and Chang would refund her investment if her immigration petition was denied.

63. Lu misrepresented these facts in order to induce Tang to invest in Confidente One and to hire him to represent her in the immigration proceeding.

64. But for Lu's representations, Tang would not have invested in Confidente One.

65. Lu, Zhou, and Chang used Intercontinental's participation in Confidente One to funnel Tang's investment to other enterprises in which they had an independent personal stake and/or to transfer money from Confidente One to their personal accounts.

66. At the time they encouraged Tang to invest in Confidente One, they knew that her immigration petition was destined to fail. Nevertheless, they encouraged her to invest in the company in order to advance their interests in their individual business pursuits.

## COUNT I
### (Breach of Contract/Legal Malpractice – Defendant Lu)

67. Paragraphs 1 - 66 are re-alleged and incorporated herein by reference.

68. Prior to January 2006, Tang and Defendant Lu entered into a contract for legal services. The attorney client relationship among Tang and Defendant Lu imposed on Lu a duty of care in the handling of her immigration matter.

69. As an attorney with a specialty in immigration matters, Defendant Lu held himself out as an attorney with a high degree of knowledge and expertise. At all times, Defendant Lu represented himself to be a capable and competent lawyer in the field of immigration and represented to Tang that he was handling her immigration matter properly and that the steps necessary for success were progressing smoothly.

70. As such, Defendant Lu must be held to the highest standard of care in the handling of Tang's immigration matter.

71. As a result of the actions and omissions set forth in this Complaint, Defendant Lu breached his duties of care to Tang, which include:

- Failing to use a reasonable degree of care, skill, diligence and dispatch in handling the immigration matter entrusted to him;

- Failing to properly advise Tang regarding the steps necessary to successfully file the I-526 Petition;

- Failing to advise Tang that a $500,000 investment did not satisfy the capital "at risk" requirement for a successful I-526 Petition;

- Failing to advise Tang that Confidente One's obligation to invest $500,000 on her behalf in the two years following her investment did not satisfy the capital "at risk" requirement for a successful I-526 Petition;

- Failing to advise Tang that the creation of two employee positions did not satisfy the requirements for a successful I-526 Petition;

- Failing to disclose that Confidente One was not a going concern at the time of her investment;

- Failing to disclose that Confidente One did not have the resources or management to be successful;

- Failing to advise Tang that Lu was an interested participant in the Intercontinental Alliance/Confidente One enterprise such that Tang should seek independent counsel for advice;

- Failing to disclose that Lu stood to gain an immediate $50,000 kickback from her investment in Confidente One;

- Failing to disclose that the guarantee to return Tang's investment was not likely to be fulfilled;

- Failing to disclose that representations concerning investment by Lu, Zhou, Zhang and Intercontinental Alliance were false and that the only funds for operation of Confidente One would be derived from Tang's investment;

- Failing to adequately supplement the I-526 Petition by properly responding to the Request for Additional Evidence; and

- Otherwise.

72. But for the breach of duties by Defendant Lu, which breaches: (i) induced Tang to invest $500,000 in an enterprise that was destined to fail; (ii) resulted in the submission of an I-526 Application that did not satisfy the basic requirements for alien entrepreneur immigation; (iii) denied Tang the opportunity to join her daughter in the United States) and (iv) denied Tang the timely return of her investment, all to the detriment of Tang, as alleged in this Complaint, Tang would not have participated in the Intercontinental Alliance/Confidente One "enterprise", would not have retained Lu to file the I-526 Petition and would not have turned over $500,000 to Lu and the other Defendants as an investment for purposes of the I-526 Petition.

73. As a direct and proximate result of Defendant Lu's intentional and/or negligent breach of his duties of care to Tang, Tang did not obtain her green card, was unable to immigrate to the United States, and suffered damages in an amount not less than $500,000.00, plus interest and expenses.

## COUNT II
### (Breach of Contract
### – Defendants Confidente One and Intercontinental Alliance, Inc.)

74. Paragraphs 1- 73 are re-alleged and incorporated herein by reference.

75. Pursuant to the Agreement, Tang's investment in Confidente One was contingent on her obtaining a green card to immigrate to the United States.

76. The Agreement provides that if Tang's effort to obtain a green card was unsuccessful, she could withdraw her investment within 30 days after knowing of her I-526 Petition's denial.

77. Intercontinental agreed to repay her investment, through the use of personal assets if necessary, if Confidente One was unable to do so.

78. Tang's I-526 Petition was denied on August 14, 2007. She immediately demanded that her investment be returned pursuant to the Agreement.

79. Lu, Intercontinental's president and an officer of Confidente One, has admitted that Tang is entitled to have her investment refunded and that Confidente One is unable to repay her.

80. Intercontinental and Confidente One have breached the Joint Investment Agreement by failing to refund Tang's investment after her I-526 Petition was denied.

81. As a direct and proximate cause of Intercontinental and Confidente One's breach, Tang has been damaged in the amount of at least $500,000.00 plus interest since September 13, 2007.

## COUNT III
### (Breach of Contract – Defendants Lu, Chang, and Zhou)

82. Paragraphs 1 – 81 are re-alleged and incorporated herein by reference.

4) Peirce the corporate veil of Intercontinental Alliance, Inc. and impose personal liability on its shareholders, the individual Defendants in this case;

5) Against all Defendants, punitive damages in an amount not to exceed $350,000;

6) Interest and costs; and

7) Such other damages and relief to which Plaintiff Tang is entitled under the law and equity.

## DEMAND FOR JURY TRIAL

Plaintiff Tang demands a trial by jury on all issues so triable.

Respectfully submitted,

XIAOMEI TANG

By Counsel

_/s/ Richard W. Driscoll_

Richard W. Driscoll (VSB No. 43469)
Cara L. Griffith (VSB No. 48338)
Driscoll & Seltzer, PLLC
300 N. Washington St., Suite 304
Alexandria, Virginia 22314
703.822.5001 Office
703.997.4892 Facsimile

*Counsel for Plaintiff Xiaomei Tang*

Dated: August 13, 2010